## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01752-KLM

NEOMEDIA TECHNOLOGIES, INC.,

        Plaintiff,

v.

MARRIOTT INT'L INC.,

        Defendant.

---

## PROTECTIVE ORDER

---

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

### DEFINITIONS

1.    The term "Confidential Information" will mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to

1

interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that satisfies the requirements set forth herein for designation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.      The term "Materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.      The term "counsel" will mean in-house counsel, outside counsel of record; other attorneys, paralegals, secretaries, and other support staff employed in the law firms that have filed appearances in this action; and third-party vendors hired by any of the foregoing to assist them with e-discovery and/or document preparation, copying, and processing in this action, only for purposes of assisting in this action.

GENERAL RULES

4.      Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that contains Confidential

Information may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL –
ATTORNEYS' EYES ONLY".

      a.     Designation as "CONFIDENTIAL": Any party may designate Material as
"CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, (a) the
Material is nonpublic, proprietary, commercially sensitive, or falls within the term 'trade
secret' and (b) disclosure of such Material without restriction would be detrimental to
that party in the conduct of its business and cause cognizable harm.

      b.     Designation as "CONFIDENTIAL - ATTORNEYS' EYES ONLY": Any
party may designate Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or
a similar marking, such as "CONFIDENTIAL – COUNSEL'S EYES ONLY", etc.) only
if, in the good faith belief of such party and its counsel, (a) the Material qualifies for
designation as "CONFIDENTIAL" under the preceding paragraph; and (b) the Material
(1) identifies the producing party's suppliers, distributors, business affiliations, or
customers; (2) identifies the producing party's costs of acquiring products; (3) identifies
the producing party's profit or profit margin from the sale of products or services; (4)
contains other business information that would place the person at a competitive
disadvantage if learned by any party or person; or (5) contains other information as to
which the disclosing person has a reasonable basis for claiming heightened protection,
provided that counsel for the producing party has reviewed the Material in the course of
forming the requisite good faith belief that the Material is entitled to heightened
protection.

     5.     In the event the producing party elects to produce materials for inspection, no
marking need be made by the producing party in advance of the initial inspection. For purposes

3

of the initial inspection, all materials produced will be considered as "CONFIDENTIAL -

ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order.

Thereafter, upon selection of specified materials for copying by the inspecting party, the

producing party must, within a reasonable time prior to producing those materials to the

inspecting party, mark the copies of those materials that contain Confidential Information with

the appropriate confidentiality marking.

      6.     Whenever a deposition taken on behalf of any party involves a disclosure of

Confidential Information of any party:

          a.     If during a deposition any testimony is elicited that qualifies as

Confidential Information of any party, then the portion of the deposition in which such

Confidential Information is discussed may be designated as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, by that party, and

will thereafter be treated as such under the terms of this Order.  Such designation will

preferably be made on the record whenever possible, but a party may designate portions

of depositions as containing Confidential Information after transcription of the

proceedings.  A party will have until fourteen (14) days after receipt of the deposition

transcript to inform the other party or parties to the action of the portions of the transcript

to be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

ONLY."

          b.     The disclosing party will have the right to exclude from attendance at the

deposition, during such time as the Confidential Information is to be disclosed, any

person other than the deponent, counsel (including their staff and associates), the court

reporter, and any other person(s) entitled under this Order to have access to the

Confidential Information.

      c.     The originals of a designated deposition transcript and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, and any party seeking to file the original or any copy of a deposition transcript so designated must move to restrict public access, as provided in D.C.COLO.L.CivR 7.2.

      7.     All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order, must be handled in the manner set forth herein and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

      8.     Information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court.  In advance of providing any Confidential Information of the producing party to the expert, the party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert and an executed copy of the form attached hereto as Exhibit A.  The party seeking approval of a proposed independent testifying expert must also provide a list of all matters in which the proposed independent testifying expert has offered testimony in deposition, at a hearing, or at trial, in the preceding four years, and a list of all consultancies of the

independent expert during the same time period.  Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within seven (7) business days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the seven (7) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9.      Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below:

(a)     The officers, directors, employees, and agents of the Parties, only for purposes of assisting in this action; and

(b)     Stenographic and clerical employees associated with the individuals identified above, including deposition reporters engaged in connection with this litigation, only for purposes of assisting in this action.

10.     With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11.     All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must move to restrict public access, as provided in D.C.COLO.L.CivR 7.2.

13.     At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. *Any such motion shall be made pursuant to MJ Mix's discovery procedures.* The Materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.     All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified

as such in accordance with this Order.

16.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY".

17.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

19.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.     Nothing within this Order will be construed to prevent disclosure of Confidential

Information if such disclosure is required by law or by order of the Court.

21.     Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) is already public knowledge, or becomes public knowledge during the course of this action other than by disclosure of the receiving party, its employees or agents, in violation of this Order; or (c) has come into the receiving party's legitimate knowledge independently of the production by the designating party. Any claim of public knowledge under (b) above or of legitimate knowledge under (c) above must be established by documentation.

23.     The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

24.     Transmission by electronic mail is acceptable for all notification purposes within

this order.

25.     This Order may be modified by agreement of the parties, subject to approval by the Court.

26.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

27.     Third parties producing documents in the course of this action may also designate documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the terms of the Protective Order.

28.     Any party may request a change in the designation of any information designated "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, *pursuant to MJ Mix's discovery procedures* providing notice to any third party whose designation of produced documents as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in the action may be affected.  The party asserting that the material is Confidential shall have the burden of

proving that the information in question is within the scope of protection afforded by Fed. R.

Civ. P. 26(c).


IT IS SO ORDERED this _8TH_ day of _October_, _2014_


_____

United States Magistrate Judge

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____in the city of _____ , county

of _____ , state of _____ ;

I am currently employed by _____ located at _____ and

my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____ ,

filed in Civil Action No. 1:14-cv-01752-KLM, pending in the United States District Court for the

District of Colorado.  I agree to comply with and be bound by the provisions of the Protective

Order.  I understand that any violation of the Protective Order may subject me to sanctions by the

Court.

I shall not divulge any documents, or copies of documents, designated

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" obtained pursuant

to such Protective Order, or the contents of such documents, to any person other than those

specifically authorized by the Protective Order.  I shall not copy or use such documents except

for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall

return to the attorney from whom I have received them, any documents in my possession

designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all

copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of

Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective

Order.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____          _____
                (Date)                                (Signature)